UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:10-cv-398-W

| | |
|---|---|
| THOMAS ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| AFFINIA GROUP, INC. D/B/A ) | ORDER |
| WIX FILTRATION PRODUCTS ) | |
| DIVISION, AND WIX FILTRATION ) | |
| CORP LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

THIS MATTER is before this Court on Defendants' Motion to Dismiss (Doc. No. 7) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Motion for Sanctions (Doc. No. 8) pursuant to Rule 11 of the Federal Rules of Civil Procedure. After carefully considering Defendants' Motion to Dismiss on the basis that Plaintiff's lawsuit is barred under the doctrine of res judicata, this Court concludes that dismissal is not warranted at this time for the reasons set forth. Additionally, this Court concludes that Defendants' Motion for Sanctions is not warranted. Accordingly, both of Defendants' Motions are DENIED.

**I. BACKGROUND**

Plaintiff filed the instant action on July 29, 2009, in the Gaston County General Court of Justice, Superior Court Division, alleging wrongful termination in violation of North Carolina public policy and retaliation in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 215(a)(3). (Doc. No. 1-1). Upon service of the Summons and Complaint, Defendants removed the action to this Court pursuant to 28 U.S.C. §1441(a). This Court has original jurisdiction over the matter

pursuant to 28 U.S.C § 1331 and federal diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

Defendants argue that Plaintiff's action is barred under the doctrine of res judicata since two prior suits involved the same parties and similar disputes over employment issues. Based on Defendants' arguments and because this is the third federal lawsuit, this Court will set forth the relevant facts of each suit in turn, so that it may make a proper evaluation of whether the instant suit is substantially similar to those previously litigated.

A. Plaintiff's First Suit

In 2004, Plaintiff filed a federal lawsuit in the Western District of North Carolina against Defendant Dana-Spicer, Inc. d/b/a Wix Filtration Corporation (3:04-CV-469), alleging claims of FLSA violations for the failure to pay overtime. That parties settled that lawsuit in July 2005. (Doc. No. 1-1 ¶ 16).

B. Plaintiff's Second Suit

In 2007, Plaintiff filed a second (two-count) civil suit in the Western District of North Carolina against Wix Filtration Corporation and Dana-Spicer, Inc. d/b/a Wix Filtration Products Division, and Affinia Group Inc. d/b/a Wix Filtration Productions Division (3:07-CV-414). Plaintiff alleged two causes of action: wrongful termination in violation of public policy and retaliation in violation of FLSA, 29 U.S.C. § 215(a)(3). (3:07-CV-414, Doc. No. 1-1). More specifically, Plaintiff alleged that after he filed his first suit, Wix Filtration (and Affinia d/b/a Wix Filtration) wrongfully terminated his employment on August 31, 2005, in retaliation for exercising his rights under the North Carolina Wage and Hour Act and the FLSA. (Doc. No. 1-1 ¶ 14). Plaintiff's job was allegedly outsourced to an independent contractor - Electronic Data Systems Corporation (EDS), as part of an agreement between Wix Filtration and EDS. (Doc. No. 1-1 ¶ 18). Following

the transition to EDS, Plaintiff maintained his normal duties without significant change but alleged that he lost wages (3:07-CV-414, Doc. No. 1-1 ¶ 17, 26).

In the second suit, Plaintiff's claims were dismissed at summary judgment because he failed to establish a prima facie case as to either claim (3:07-CV-414, Doc. No. 20). More precisely, Plaintiff did not submit a response to Defendants' motion and therefore failed to present any evidence on either claim to demonstrate a causal connection between his alleged protected activity and his transition to EDS. (3:07-CV-414, Doc. No. 20). Shortly thereafter, Plaintiff filed a motion for relief from judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure, or in the alternative, to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59. (3:07-CV-414, Doc. No. 23). Plaintiff claimed that he never filed a response to Defendants' motion for summary judgment because his counsel failed to receive electronic notice of Defendants' motion. Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 406 (4th Cir. 2010). The court denied Plaintiff's motion pursuant to Rule 59, noting that nothing in the system indicated that Plaintiff failed to receive notice of Defendants' electronic filing. Id. at 406-07. The court did not analyze Plaintiff's motion under Rule 60. Id.

Plaintiff subsequently appealed the court's denial of his motion to the Fourth Circuit Court of Appeals. Robinson, 599 F.3d 403 (4th Cir. 2010). After hearing oral arguments, the Fourth Circuit affirmed (by published opinion) the court's dismissal of the lawsuit. Id. In so doing, the Fourth Circuit addressed only the respective Rule 59 and Rule 60 issues, not the court's summary dismissal of Plaintiff's suit. Id.

C. Plaintiff's Third (and instant) Suit

Plaintiff filed the instant action against Affinia Group, Inc. d/b/a Wix Filtration Products Division & Wix Filtration Corp. LLC., on July 29, 2009. Plaintiff again alleges two causes of

action: wrongful termination in violation of North Carolina public policy and retaliation in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. Section 215(a)(3). On February 27, 2009, six weeks following the court's denial of Plaintiff's motion for relief from judgment relative to Plaintiff's second suit, Affinia allegedly elected not to renew its contract with EDS for telephone maintenance but continued its agreement for Information Technology (IT) services. Plaintiff contends that Defendants' decision to end the contract before it was set to expire in 2012 had the effect of terminating his position as a telephone system operator, while other similarly situated employees maintained employment.

Plaintiff now alleges that after being outsourced to EDS, Affinia still "directed and controlled the means and manner that Plaintiff performed his job duties." (Doc. No. 1-1 ¶ 21). And, in that capacity as a joint employer, Plaintiff pleads that Affinia wrongfully terminated his employment for asserting his rights. Specifically, Plaintiff claims that Defendants violated public policy and the FLSA by wrongfully terminating Plaintiff when they pre-maturely ended the outsourcing contract with EDS in retaliation for Plaintiff engaging in a legally protected activity (filing the second suit). As a result of these alleged actions, Plaintiff claims that he has lost wages and suffered a diminished earning capacity.

## II. STANDARD OF REVIEW

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs, Inc. v. Matakari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint attacked by a Rule 12(b)(6) motion will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct.

1937, 1960 (2009) (quoting Twombly, 550 U.S. at 570)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949.

In considering a motion to dismiss premised under the doctrine of res judicata, also known as claim preclusion, this Court must determine whether the plaintiff is barred from bringing the instant action. Res judicata "bars a party from suing on a claim that has already been litigated to a final judgment by that party or such party's privies and precludes the assertion by such party of any legal theory, cause of action or defense which could have been asserted in that action." Ohio Valley Envtl. Coal v. Aracoma Coal Co., 556 F.3d 177, 201 (4th Cir. 2009). For an action to be precluded under the doctrine, a prior judgment must have been rendered by a court in accordance with due process of law; the respective parties in each action must be identical; and the current claim(s) must be based upon the same action(s) encompassed in the former litigation. See Grausz v. Englander, 321 F.2d 467, 472 (4th Cir. 2003); Aliff v. Joy Mfg. Co., 914 F.2d 39, 42 (4th Cir. 1990); Nash County Bd. of Educ. v. Biltmore Co., 640 F.2d 484, 486 (4th Cir. 1981).

"The test for deciding whether the causes of action are identical for claim preclusion purposes is whether the claim presented in the new litigation arises out of the same transaction or series of transactions as the claim resolved by the prior judgment." Laurel Sand & Gravel, Inc. v. Wilson, 519 F.2d 156, 162 (4th Cir. 2008) (quoting Pittston Co. v. United States, 199 F.3d 694, 704 (4th Cir. 1999)). An action is the same as a prior action, as defined by res judicata, when the new claim requests the same relief and raises the same set of material facts. Aliff, 914 F.2d at 43; see also Adkins v. Allstate Ins. Co., 729 F.2d 974, 976 (4th Cir. 1984).

### III. ANALYSIS

While making no judgment on the merits of Plaintiff's claims, this Court must consider whether Plaintiff is attempting to resurrect an already decided legal matter. The crux of Defendants' motion is that the doctrine of res judicata thwarts Plaintiff's current suit because his claims are identical to the claims brought and decided upon in Plaintiff's second suit. An action is the same as a prior action when the new claim requests the same relief and raises the same set of material facts. Aliff, 914 F.2d at 43; see also Adkins, 729 F.2d at 976. "Even claims that were not raised in the original suit may be precluded if they arose from the same transaction or occurrence as those raised in the first suit and were available to the plaintiff at the time of the first suit." Ohio Valley, 556 F.3d at 210-211. However, "the fact that two suits involve challenges to very similar courses of conduct does not matter; a prior judgment 'cannot be given the effect of extinguishing claims which did not even then exist . . . .'" Id. at 211 (quoting Lawlor v. Nat'l Screen Serv. Corp., 349 U.S. 322, 328 (1955)).

Notably, Plaintiff's current claims bear the same title to those claims brought in the second suit. Plaintiff, however, contends the instant action stems from new activities arising after the second suit, namely, that Plaintiff carried out a legally protected activity by filing the second suit, and that Defendant retaliated against Plaintiff for engaging in that behavior, i.e., terminating his employment by way of not renewing the outsourcing contract with EDS. The allegations that Plaintiff raises in his present complaint are premised on a separate protected activity from the activities he asserted in the second suit and are based on new facts that developed after the dismissal of the second suit. Based on the relative dates, the arguments that Plaintiff now makes were not available to him during the course of the second suit, since it is the second suit that he now alleges provoked Affinia's decision to ultimately terminate the EDS contract. Moreover, Affinia's alleged adverse action of not renewing the contract is distinct from the claims asserted in the second suit.

This time, Plaintiff alleges that Affinia's actions fully terminated his employment (while the second suit was still on appeal) as opposed to the former action of outsourcing Plaintiff to EDS. See Perkins v. Board of Trustees of the Univ. of Ill., 116 F.3d 235, 237 (7th Cir. 1997) (recognizing that even though the second suit alleged similar action, dismissal of the first action did not establish claim preclusion in the second suit since "the supposedly wrongful events are separated by time and function . . . ."); see also Munoz v. Aldridge, F.2d 1489, 1495 (5th Cir. 1990) (finding that employment claims in the current action could not be precluded by prior litigation of claims based on earlier, different allegations); Dawkins v. Nabisco, 549 F.2d 396, 397 (5th Cir. 1977) ("[W]e could not possibly expect [plaintiff] to litigate a claim based on 1975 retaliation in a lawsuit that terminated in 1973. Were we to rule that the 1973 adjudication was somehow dispositive of the dispute regarding already subsequent retaliation, a company that had once won a suit alleging retaliation . . . would be free to retaliate at will against the earlier plaintiff without fear of being held accountable for its actions. The law of res judicata establishes no such result."); 18 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 4409 (2d ed. 2002).

In simple terms, Plaintiff alleged in his second suit that he was wrongfully terminated by way of being outsourced to EDS in retaliation for filing the first suit. Plaintiff now alleges that he was wrongfully terminated by way of Defendants' decision not to renew the contract with EDS in retaliation for filing the second suit. While Plaintiff now brings causes of action bearing the same title as those that were previously litigated, the uniformity of those claims end there. The current claims relate to different activities, separated by time and function, from those that spawned Plaintiff's second suit, and are therefore not subject to preclusion under res judicata.

In response to Defendants' contention that res judicata bars Plaintiff from asserting "a new legal theory"–that Defendants maintained an employment relationship with Plaintiff–this Court concludes that Plaintiff's assertion relies on facts arising after his outsourcing to EDS, and after he filed the second suit. Moreover, since Plaintiff alleges both a new protected activity and a fresh retaliatory act, he is not precluded from raising inconsistent legal theories.

This Court is compelled to provide the following caveat with regard to certain passages throughout Plaintiff's current Complaint. Plaintiff's Complaint is littered with references to his first suit, which formed the basis for Plaintiff's protected activity status necessary to make the claims in his second suit. Plaintiff repeatedly makes mention of his engagement in "pursuing his benefits pursuant to North Carolina's Wage and Hour Act," (Doc. No. 1-1 ¶ 48); discusses prohibitions against employers from terminating employees who file a complaint "to obtain their unlawfully withheld overtime," (Doc. No. 1-1 ¶ 50); and associates his "rights to receive overtime" as a recognized protected activity (Doc. No. 1-1 ¶ 54). Plaintiff may have included such statements as background information for this Court. But, if these statements were included for another purpose, this Court cautions that these activities were the basis for the second suit. It has already been decided that Plaintiff could not sufficiently connect these activities to being outsourced to EDS. To be clear, Plaintiff may not attempt to re-litigate claims or re-argue issues that were decided in Plaintiff's second suit. To that extent, the doctrine of res judicata would bar Plaintiff from re-asserting those claims again.

Defendants also seek Rule 11 sanctions alleging that Plaintiff's complaint was filed in bad faith. This Court summarily denies this Motion because Plaintiff's claims survive review under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## IV. CONCLUSION

For the forgoing reasons, this Court concludes that dismissal is not warranted and that sanctions are not warranted. Defendants' Motion to Dismiss is DENIED, and Defendants' Motion for Rule 11 Sanctions is DENIED.

IT IS SO ORDERED.

Signed: February 10, 2011

Frank D. Whitney
United States District Judge